Citation Nr: 1504672 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 12-33 586 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for diabetes mellitus.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

B. E. Turner, II


INTRODUCTION

The Veteran had active duty service from February 1969 to January 1971. 
This matter comes before the Board of Veterans' Appeals (Board) on appeal of a July 2012 rating decision of the Waco, Texas, regional office (RO) of the Department of Veterans Affairs (VA). 

This case was previously before the Board in September 2013, when the Board remanded the above claim for further development to determine whether the Veteran was or could have been exposed to herbicide, to include Agent Orange, while serving in the Republic of Korea from May 1970 to January 1971. The Board must remand the claim of entitlement to service connection for diabetes mellitus due to the insufficient compliance concerning the Veteran's claimed herbicide exposure in Korea directed in the September 2013 remand. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board regrets any further delay in adjudicating the Veteran's claim of entitlement to service connection for diabetes mellitus, but finds that additional remand is necessary as the RO has failed to sufficiently comply with the terms of the Board's September 2013 remand orders. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (a remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon the VA a concomitant duty to ensure compliance with the terms of the remand). 

The Board remanded this case to verify the Veteran's claimed exposure to herbicide through all appropriate sources, including JSRRC. The Board specifically requested herbicide exposure verification of the following units: C Battery 2nd Battalion 8 Artillery 7th Infantry Division; B Battery 2nd Battalion 8th Artillery 7th Infantry Division; and B Battery 1st Battalion 31st Artillery 7 Infantry Division. Additionally, the Board requested verification of the location of the 7th Medical Battalion during the period of May 1970 and January 1971. Finally the Board requested further research be undertaken to determine the use of herbicide in the vicinity of Camp Casey during the period of May 1970 to January 1971. The Board's remand referenced specific documentation as listed in a March 1999 Board decision for another case as presented by the appellant to support his assertions. 

A Supplemental Statement of the Case (SSOC) dated June 2014 addressed only the JSRRC request concerning the 2nd Battalion 8 Artillery 7th Infantry Division, and the 7th Medical Battalion. The 1st Battalion 31st Artillery 7th Infantry Division and use of Agent Orange in the vicinity of Camp Casey during the period of May 1970 and January 1971 specifically referenced in the above March 1999 Board decision were not addressed. 

Additionally, the April and May 2014 JSRRC responses to the RO indicated that the verification requests of the RO exceeded the 60-day search criteria and the Agent Orange request was not researched. (See JSRRC 043 Response II, dated May 21, 2014). However, it appears that JSRRC did review the 1970 unit history of the 2nd Battalion 8 Artillery 7th Infantry Division and determined that particular unit history did not document the use, storage, spraying, or transporting of herbicides to include Agent Orange being used in the vicinity of Camp Casey and the unit history did not mention or document any specific duties performed by the unit members along the DMZ. To that extent, the JSRRC request was partially complied with. 

Accordingly, the case is REMANDED for the following action:

1. Attempt to verify the Veteran's claimed exposure to Agent Orange through the all appropriate sources, including the JSRRC, in accordance with current M21-1MR provisions. Specifically, a request should be sent to JSRRC for verification as to whether the Veteran was potentially exposed to an herbicide agent during his period of service with the following unit, deployments, assignments, etc. 

a) B Battery 1st Battalion 31st Artillery 7th Infantry Division, between May 1970 and January 1971, during his service in Korea. If insufficient data is available to formulate a request within JSRRC guidelines, a memorandum to that effect should be prepared and associated with the claims file. 

b) Further research is also needed to determine the use of Agent Orange in the vicinity of Camp Casey during the period of May 1970 and January 1971. In particular, the Board refers to a March 1999 Board decision contained in the claims file and provided by the Veteran. This decision lists three different documents in relation to the use of herbicide in the vicinity of Camp Casey. 

(i) A letter from the Department of the Army to Senator John Glenn dates May 1996 which reflects the use of 21,000 gallons of Agent Orange in the area around the DMZ, and also stating that Camp Casey was in the DMZ. 

(ii) A letter from Director, United States Armed Services Center for Research of Unit Records (USASCRUR), (formerly the United States Army and Joint Services Environmental Support Group, ESG), which confirms Camp Casey was located near the DMZ and 

(iii) an unidentified report titled "Vegetation Control Program CY 1968" which documents that herbicides were to be applied from the Civilian Control line in South Korea to the Southern border of the DMZ, with priority application in the vicinity of roads and tactically significant areas. 

2. After the development discussed in the first paragraph of this remand has been completed, and after conducting any other development deemed appropriate, including affording the Veteran VA examinations if deemed necessary, readjudicate the issue of entitlement to service connection for diabetes mellitus, as due to exposure to herbicides during active duty service. If the benefits sought are not granted, the Veteran and his representative should be furnished with a supplemental statement of the case (SSOC) and afforded an opportunity to respond. The record should then be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).